**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1554**

MIRNA LISSETTE GARAY-CAMPOS; A.C.C.G.,

Petitioners,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: October 22, 2024                  Decided: April 18, 2025

Before AGEE, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Petition denied in part and granted in part by unpublished per curiam opinion.

**ON BRIEF:** Joseph A. Devamithran, LAW OFFICE OF JOSEPH A. DEVAMITHRAN, Woodbridge, Virginia, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Melissa K. Lott, Senior Litigation Counsel, Virginia L. Gordon, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mirna Lisette Garay-Campos and her minor daughter, natives and citizens of El Salvador, petition for review of the orders of the Board of Immigration Appeals' ("Board") determining that Garay-Campos did not demonstrate eligibility for asylum and withholding of removal after affirming the immigration judge's ("IJ") finding that her proposed particular social group was not cognizable and denying protection under the Convention Against Torture ("CAT").[1]  We deny the petition for review in part and grant the petition in part and remand for further proceedings.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee.  8 U.S.C. § 1158(a).  The INA defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A).  "The asylum-seeker bears the burden of demonstrating her refugee status," and must demonstrate a well-founded fear of persecution on account of a protected ground because of a threat by the government or by an organization the government is unable or unwilling to control.  *Velasquez v. Sessions*, 866 F.3d 188, 193-94 (4th Cir. 2017); *see* 8 C.F.R. § 1208.13(a), (b)(1), (2).  "[W]ithholding of removal covers a narrower . . . set of circumstances than asylum."  *Yi Ni v. Holder*, 613 F.3d 415, 427 (4th Cir. 2010).  "The applicant must

---

[1] Garay-Campos's daughter is a derivative asylum applicant.  *See* 8 U.S.C. § 1158(b)(3)(A).  She does not have an independent claim for relief.

2

demonstrate a clear probability of persecution." *Id*. (internal quotation marks, brackets, and ellipses omitted).  Because of the higher evidentiary threshold, "'an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal.'" *Id*. (quoting *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004)).

"[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  Legal issues are reviewed de novo.  *Tinoco Acevedo v. Garland*, 44 F.4th 241, 246 (4th Cir. 2022).  "The agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'"  *Hernandez-Cartagena v. Barr*, 977 F.3d 316, 319 (4th Cir. 2020) (quoting 8 U.S.C. § 1252(b)(4)(D)).

Garay-Campos asserts that she was denied due process because she was entitled to a factfinding hearing after the Board remanded the case to the IJ for consideration of her particular social group.  "To prevail on a due process claim in an immigration proceeding, a noncitizen must establish '(1) that a defect in the proceeding rendered it fundamentally unfair and (2) that the defect prejudiced the outcome of the case.'"  *Santana v. Garland*, 92 F.4th 491, 498 (4th Cir. 2024) (quoting *Anim v. Mukasey*, 535 F.3d 243, 256 (4th Cir. 2008)).  We agree with the Board that Garay-Campos failed to show that any alleged due process violation affected the outcome of the proceedings.

A noncitizen seeking asylum or withholding of removal because of past persecution or fear of future persecution on account of membership in a particular social group must show that the particular social group is "'(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the

3

society in question.'" *Nolasco v. Garland*, 7 F.4th 180, 187 (4th Cir. 2021) (quoting *In re M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)).  The applicant must show a nexus between the persecution suffered or the fear of future persecution and membership in a particular social group.  *Canales-Rivera v. Barr*, 948 F.3d 649, 654 (4th Cir. 2020).  Whether a proposed particular social group is cognizable is a question of law this Court reviews de novo.  *Garcia v. Garland*, 73 F.4th 219, 229 (4th Cir. 2023).  Upon our review, we agree with the Board that Garay-Campos's particular social group of highly educated, house-owning, professional females lacked social distinction.  Because Garay-Campos failed to show persecution or fear of future persecution on account of her membership in a cognizable particular social group, she was ineligible for asylum and withholding of removal.

We agree with the Attorney General that this petition should be remanded to the Board for further consideration of Garay-Campos's application for protection under the CAT.  To be granted protection under the CAT, Garay-Campos must demonstrate that she is more likely than not to be tortured if she returns to El Salvador.  8 C.F.R. § 1208.16(c)(2).  "Torture" is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" in a manner that is "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1); *Joshi v. Garland*, 112 F.4th 181, 195, (4th Cir. 2024).  "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity."  8

4

C.F.R. § 1208.18(a)(7). "The official or officials need not have actual knowledge of the torture; it is enough if they simply 'turn a blind eye' to it." *Mulyani v. Holder*, 771 F.3d 190, 200 (4th Cir. 2014) (quoting *Suarez-Valenzuela v. Holder*, 714 F.3d 241, 245-47 (4th Cir. 2013)).

We review the denial of relief under the CAT for substantial evidence. "The agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). This includes the finding about government acquiescence. *Ponce-Flores v. Garland*, 80 F.4th 480, 484 (4th Cir. 2023). The relevant legal determinations are subject to de novo review. *Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012). The IJ assumed that Garay-Campos established a likelihood that she would be tortured and that the Salvadoran government would be unable to protect her. The IJ then denied her application for CAT protection because she did not establish that each link in the chain of events leading to the likelihood of torture was more likely than not to occur. While the Board should have reviewed this finding for clear error, 8 C.F.R. § 1003.1(d)(3)(i), the Board ignored this finding and determined that Garay-Campos did not show that it is likely she will be tortured at the instigation of or with the acquiescence of a government official or person acting in an official capacity. It is well established that the Board is not authorized to engage in factfinding as it decides cases on appeal from the IJ. 8 C.F.R. § 1003.1(d)(3)(iv). Thus, the Board erred as a matter of law in making an

independent factual finding on whether the government would acquiesce in Garay-Campos's torture.[2]

Accordingly, we deny the petition for review as it applies to Garay-Campos's applications for asylum and withholding of removal. We grant the petition for review as it applies to Garay-Campos's application for protection under the CAT and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED IN PART*
*AND GRANTED IN PART*

---

[2] We add that we granted the Attorney General's unopposed motion to remand for further consideration of Garay-Campos's applications for asylum, withholding of removal, and protection under the CAT. But the Board proceeded to remand the case to the IJ on the sole ground that additional factfinding was necessary to properly analyze Garay-Campos's particular social group. The Board left the initial denial of CAT protection undisturbed.